PER CURIAM.
Defendant-appellant seeks review of an adverse final judgment in an action to recover damages for the breach of an ocean container leasing agreement.
Plaintiff-appellee, Tyler Leasing Company, is engaged in the business of leasing ocean shipping containers. In September 1972, plaintiff, through its operations’ manager, Joseph Teitelbaum, entered into an oral agreement with Seaway Lines, Inc. through its president, Alfredo Duarte, whereby Seaway agreed to lease from the plaintiff shipping containers, valued at $1,000 per container, at a rental fee of $1.-25 per day on an open account until such time as said containers were returned. At the time of this agreement, defendant-appellant, Norton Lilly & Company, Inc., having purchased Seaway Lines, Inc. in February 1972, was the managing agent for Seaway which had no assets of its own or employees except its president, Mr. Duarte. From September 1972 until November 1, 1972 plaintiff leased to Seaway 28 containers which defendant utilized in its operations. However, defendant made no payment for the rental thereof and on June 22, 1973 returned only four of the 28 containers to the plaintiff. Thereupon, plaintiff filed the instant suit to recover the rental on the containers and the damages due to the loss of the 24 containers. In response thereto, defendant-appellant *798 denied the existence of the aforesaid oral agreement to lease containers and further, if such agreement did exist, denied that it was bound by the terms thereof. The cause proceeded to a non-jury trial and after hearing all the testimony the trial judge found as follows :
“1. That on or about September, 1972, Plaintiff and Defendant entered into an agreement whereby Plaintiff agreed to lease to Defendant certain alu-minium and steel containers for use by Defendant in storing and transporting cargo;
“2. That a total of 28 such containers were leased by Plaintiff to Defendant between September, 1972 and November 1, 1972;
“3. That under the terms of said agreement Defendant agreed to pay Plaintiff the sum of $1.25 per day per container until such time as the said containers were returned to the possession and custody of the Plaintiff;
“4. That defendant agreed to pay Plaintiff every thirty (30) days for all rental charges currently due and owing at the end of each thirty (30) day period;
“5. That from November 1, 1972 until June 22, 1973 Plaintiff utilized all of the said 28 containers;
“6. On June 22, 1973 Defendant returned to the possession of the Plaintiff 4 of the said containers;
“7. That Defendant has failed to pay Plaintiff any part of the rental for any of the said containers;
“8. That as of the date of this Order the Defendant has failed to return to Plaintiff 24 of the said containers, and that each of the said containers has a fair market value of $1,000.”
Based thereon, the trial judge entered judgment in favor of the plaintiff in the sum of $8,430 together with interest thereon from June 30, 1973 as unpaid container rental and in the sum of $24,000 with interest from the date of judgment as damages for the loss of the 24 containers. Defendant appeals therefrom. We affirm.
After a careful scrutiny of the record on appeal, we conclude that there was competent substantial evidence to support the findings of the trial judge sitting as the trier of the facts as well as the law and thus we will not disturb them on appeal. See 2 Fla.Jur. Appeals § 346 (1963) and cases cited therein.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.